UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES DAVIS, III,

                                Plaintiff,

            -against-

THE DEPARTMENT OF CORRECTIONS;
WESTCHESTER COUNTY JAIL,

                                Defendants.

19-CV-10588 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

By order dated December 13, 2019, the Court granted Plaintiff 60 days' leave to file an amended complaint. On January 24, 2020, the Court received a letter from Plaintiff requesting an extension of time to file his amended complaint. (ECF No. 6.) He states that he needs more time for two reasons: (1) he cannot find the names of individual defendants who he intends to sue, and (2) he does not understand whether he may sue the Westchester County Department of Corrections (DOC) and Correct Care Solutions (CCS).

The Court grants Plaintiff an additional 30 days to file his amended complaint, as set forth in this order, as well as in the December 13, 2019 order.

**DISCUSSION**

In the December 13, 2019 order, the Court dismissed the DOC because it does not have the capacity to be sued under New York law, but directed the Clerk of Court to amend the caption of the action to replace the DOC with Westchester County. (ECF No. 5.) Plaintiff may therefore bring the claims against Westchester County that he had intended to bring against the DOC.

As for CCS, the Court did not address this entity in the December 13, 2019 order because Plaintiff had not sued CCS. If Plaintiff intended to sue CCS, then he should name this entity in the caption of the amended complaint and state facts in support of each claim against CCS.

The Court also granted Plaintiff leave to name any individual defendant who he alleges was involved in the events underlying his claims, noting that **if Plaintiff did not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.** The Court explained that if Plaintiff did not know the name of an individual defendant, he could identify the individual as: "Correction Officer John Doe #1, on duty January 3, 2019, at Westchester County Jail, during the 7-3 p.m. shift."

At a later stage, a district judge in this Court may assist Plaintiff in identifying any John or Jane Doe defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant). Thus, Plaintiff may provide as much detail about any Doe defendants so that those individuals may be identified at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff an additional 30 days from the date of this order to file an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 29, 2020
          New York, New York

                                    COLLEEN McMAHON
                         Chief United States District Judge