UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES DAVIS, III,

Plaintiff,

-against-

CORRECT CARE SOLUTIONS (A.K.A.) WELLPATH, *et al.*,

Defendants.

19-CV-10588 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants confiscated his medically issued mattress while he was detained at Westchester County Jail (WCJ). By order dated November 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Medical Defendants: Leave to Amend

By order dated December 13, 2019, Chief Judge McMahon granted Plaintiff leave to file an amended complaint to state facts in support of any claims he sought to bring against the medical defendants at WCJ.

In the amended complaint, Plaintiff names as defendants, in the caption of the complaint, the following medical staff: (1) Correct Care Solutions (CCS); (2) Wellpath; (3) The Female Doctor; (4) The Nurse Practitioner (Male); and (5) Veronica Tully.[2] But in the body of the complaint, he does not list these defendants, nor does he state facts suggesting that these defendants violated his rights. Rather, he states that in January 2019, when he arrived at WCJ, he requested a medical mattress; and approximately six months later, in July 2019, he received one. But Plaintiff does not state how the individual medical staff violated his rights, or how either CCS or Wellpath participated in any violation of his rights.

In light of Plaintiff's *pro se* status, and his decision to name these defendants in both the original and amended complaints, the Court grants Plaintiff leave to file a second amended complaint to state any facts in support of any claim he intends to bring against these medical defendants.

[2] Plaintiff also names "Staff (I.E.), but it is unclear whether this refers to medical staff or other correctional staff.

**B. Westchester County**

In the December 13, 2019 order, Chief Judge McMahon granted Plaintiff leave to amend his complaint as to Westchester County, explaining that he must allege facts showing that (1) the municipality itself caused the violation of the his rights, and (2) a municipal policy, custom, or practice caused the violation of the plaintiff's constitutional rights. (ECF No. 5, at 4) (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted)).

In the amended complaint, Plaintiff states that three John Doe correction officers confiscated his mattress. He does not state any facts suggesting that they did so pursuant to a Westchester County policy, practice, or custom. Thus, Plaintiff fails to state a claim against Westchester County, and the Court dismisses this defendant from the action on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. N.Y.S. Dept. of Corrections (DOC)**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the DOC is

therefore barred by the Eleventh Amendment and are dismissed.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Westchester County Department of Correction (DOC) to identify John Doe #1, Sergeant John Doe #2, and Captain John Doe #4.[4] It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the Westchester DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Westchester County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. A "Second Amended Complaint" form is attached to this order.

---

[3] Plaintiff is currently in state custody at the Clinton Correctional Facility. If he seeks to bring new claims regarding his current custody, he must do so in a new action.

[4] Plaintiff does not name as a defendant a John Doe #3.

The Court dismisses Plaintiff's claims against Westchester County and the New York State Department of Corrections. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk of Court is directed to mail a copy of this order and the complaint to the Westchester County Attorney at: 148 Martine Ave, White Plains, NY 10601.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 4, 2020
White Plains, New York

PHILIP M. HALPERN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____________________________________________

_____________________________________________
Write the full name of each plaintiff.

-against-

_____________________________________________

_____________________________________________

_____________________________________________

_____________________________________________
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________
(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name    Middle Initial    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City    State    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated | Plaintiff's Signature

First Name | Middle Initial | Last Name

Prison Address

County, City | State | Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________