UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES E. DAVIS III,

                           Plaintiff,

v.                                              ORDER TO SHOW CAUSE

CORRECT CARE SOLUTIONS, et al.,         19-cv-10588 (PMH)

                           Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on November 12, 2019. (Doc. 2). On March 19, 2020, Plaintiff filed an Amended Complaint. (Doc. 11). Plaintiff's Amended Complaint named ten Defendants. On May 4, 2020, I issued an Order regarding service of Plaintiff's Amended Complaint. (Doc. 13). The May 4 Order (1) dismissed Plaintiff's claims against Westchester County and the New York State Department of Corrections, (2) found that Plaintiff's allegations against five Defendants[1] were insufficient and granted Plaintiff leave to file a Second Amended Complaint within 30 days to add additional factual allegations against these Defendants, and (3) directed the Westchester County Attorney to identify, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the three John Doe Defendants within 60 days so that service could be effectuated. (*Id*.).

      Plaintiff did not file a Second Amended Complaint within 30 days. On July 2, 2020, the Westchester County Attorney filed a letter indicating that it was unable to identify the John Doe Defendants. (Doc. 15). On July 7, 2020 the Court directed Plaintiff to provide, within 30 days, "more detailed, descriptive information for [the John Doe Defendants] to assist the AG in properly

---

[1] The five Defendants are Correct Care Solutions, Wellpath, The Female Doctor, The Nurse Practitioner (Male), and Veronica Tully.

identifying these Defendants." (*Id.* at 1). The Court also *sua sponte* extended Plaintiff's time to file a Second Amended Complaint. (*Id.*). The Court notified Plaintiff that "if Plaintiff fails to file a Second Amended Complaint with[in] 30 days of the date of this Order, the Court shall dismiss Plaintiff's claims." (*Id.* at 2). Plaintiff has neither filed a Second Amended Complaint nor provided additional descriptive information about the John Doe Defendants.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Plaintiff's failure to prosecute this action or comply with the Court's orders has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that plaintiff show cause in writing on or before September 28, 2020, why this action should not be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's Order will result in dismissal of this case for want of prosecution.

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff at the address listed on ECF.

SO-ORDERED:

Dated: New York, New York
August 28, 2020

_____
Philip M. Halpern, U.S.D.J.