UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
  JAMES E. DAVIS III,

                                    Plaintiff,

v.

  CORRECT CARE SOLUTIONS, et al..

                                    Defendants.

---------------------------------------------------------X

                    **MEMORANDUM**
                    **OPINION AND ORDER**

                    19-cv-10588 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 12, 2019, Plaintiff James E. Davis ("Plaintiff"), currently incarcerated at Clinton Correctional Facility and proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 2). Plaintiff alleges that Defendants confiscated his medically issued mattress while he was detained at the Westchester County Jail. (*Id.*).

On March 19, 2020, Plaintiff filed an Amended Complaint. (Doc. 11). Plaintiff's Amended Complaint names ten Defendants. On May 4, 2020, the Court issued an Order (the "May 4 Order") regarding service of Plaintiff's Amended Complaint. (Doc. 13). The May 4 Order: (1) dismissed Plaintiff's claims against Westchester County and the New York State Department of Corrections; (2) found that Plaintiff's allegations against five Defendants (the "Medical Defendants") were insufficient and granted Plaintiff leave to file a Second Amended Complaint within 30 days to add additional factual allegations against the Medical Defendants; and (3) directed the Westchester County Attorney to identify, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), three John Doe Defendants within 60 days so that service could be effectuated. (*Id.*).

Plaintiff did not file a Second Amended Complaint within 30 days. On July 2, 2020, the Westchester County Attorney filed a letter indicating that it was unable to identify the John Doe

Defendants. (Doc. 15). On July 7, 2020 (the "July 7 Order"), the Court directed Plaintiff to provide, within 30 days, "more detailed, descriptive information for [the John Doe Defendants] to assist the [Westchester County Attorney] in properly identifying these Defendants." (*Id.* at 1). The Court also *sua sponte* extended Plaintiff's time to file a Second Amended Complaint. (*Id.*). The Court notified Plaintiff that "if Plaintiff fails to file a Second Amended Complaint with[in] 30 days of the date of this Order, the Court shall dismiss Plaintiff's claims." (*Id.* at 2). Plaintiff has neither filed a Second Amended Complaint nor provided additional descriptive information about the John Doe Defendants.

On August 28, 2020, the Court issued an Order (the "August 28 Order") directing Plaintiff to show cause, by September 28, 2020, why his case should not be dismissed pursuant to Federal Rule of Civil Procedure 41. (Doc. 20). The August 28 Order was mailed to Plaintiff that same day. The August 28 Order notified Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (*Id.*). Plaintiff did not respond to the August 28 Order, request an extension, or otherwise communicate with the Court. In fact, since Plaintiff filed his Amended Complaint on March 19, 2020, Plaintiff has not communicated with the Court in any way.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Failure to prosecute may be demonstrated by "an action lying dormant with no significant activity to move

it or [by] a pattern of dilatory tactics including groundless motions, repeated requests for continuances or persistent late filings of court ordered papers over a period of months or years." *Santangelo v. Valenti*, No. 90-CV-7415, 1996 WL 665635, at *3 (S.D.N.Y. Nov. 15, 1996), *aff'd*, 129 F.3d 114 (2d Cir. 1997) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)).

While the Second Circuit has found that dismissal pursuant to Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), dismissal nonetheless may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has stated that, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where

the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at

\*3 (S.D.N.Y. Jan. 22, 2008).

## <u>ANALYSIS</u>

The Court finds that dismissal of Plaintiff's claims for failure to prosecute pursuant to Rule

41(b) is appropriate. First, Plaintiff failed to respond to numerous Court Orders over more than

five months. The May 4 Order dismissed certain of Plaintiff's claims without prejudice and gave

Plaintiff an opportunity to file a Second Amended Complaint. (Doc. 13 at 2). The July 7 Order

granted Plaintiff a 30-day *sua sponte* extension of time to file a Second Amendment Complaint.

(Doc. 17). To date, Plaintiff has failed to file a Second Amended Complaint. Additionally, the July

7 Order notified Plaintiff that the Westchester County Attorney was unable to identify the John

Doe Defendants and the Court directed Plaintiff "to provide the [Westchester County Attorney]

with more detailed, descriptive information" about the John Doe Defendants within 30 days. (Doc.

17). Defendants filed an Affidavit of Service notifying the Court that Plaintiff was sent the July 7

Order. (Doc. 18). To date, Plaintiff has not filed a letter providing more information about the John

Doe Defendants, and, on August 26, 2020, Defendants notified the Court that Plaintiff had not

provided them with any additional information about the John Doe Defendants. (Doc. 19). The

August 28 Order directed Plaintiff to show cause, by September 28, 2020, why his claims should

not be dismissed. Plaintiff did not respond to the August 28 Order. Thus, Plaintiff has failed to

respond to numerous Court Orders over more than five months.

Second, Plaintiff was put on notice that failure to comply with Court Orders would result

in dismissal of his action on two separate occasions. The July 7 Order notified Plaintiff that "if

Plaintiff fails to file a Second Amended Complaint with 30 days of the date of this Order, the Court

shall dismiss Plaintiff's claims against the Medical Defendants for failure to state a claim." (Doc.

17 at 2). The August 28 Order directed Plaintiff to "show cause in writing on or before September 28, 2020, why this action should not be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b)" and notified Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (Doc. 20 at 2).

Third, when a Plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *U.S. ex rel. Drake*, 375 F.3d at 256. Plaintiff's delay here is inexcusable, as he has not communicated with the Court in any way since he filed his Amended Complaint on March 19, 2020 despite numerous Court Orders directing him to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined dismissal appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of N.Y.*, No. 12-CV-6717, 2013 WL 5493009 at *2 (S.D.N.Y. Oct. 1, 2013). Since Plaintiff last participated in this action in March 2020, the Court has issued two Court Orders and granted Plaintiff numerous opportunities to participate in this litigation. Plaintiff has not communicated with the Court since March 2020 or provided the Court any indication he intends to pursue his claims.

Fifth, lesser sanctions are not appropriate. Where, as here, a Plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal pursuant to Rule 41(b) appropriate because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter.").

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at the address provided on the docket and terminate this action.

**SO ORDERED:**

Dated: New York, New York
October 14, 2020

_____
Philip M. Halpern
United States District Judge